ETTAH M. S. KANALEY, Appellant, *v.* GENERAL ELECTRIC COMPANY, Respondent.

*Master and servant — free medical attendance to employees — negligence.*

Appeal by the plaintiff from a judgment of the Supreme Court, entered in the Schenectady county clerk's office on the 15th day of March, 1917.

Judgment affirmed, with costs. All concurred, except Kellogg, P. J., dissenting, with memorandum, in which Lyon, J., concurred.

KELLOGG, P. J. (dissenting): The plaintiff had *prima facie* established a cause of action. A corporation may maintain a hospital for the treatment of its sick and injured employees. When it establishes a hospital for such

purpose, and assumes the treatment of its employees, it incurs an obligation arising out of and in the course of the employment which is not a mere gratuity but is part of the contract of service. (*People ex rel. Metropolitan Life Ins. Co.* v. *Hotchkiss*, 136 App. Div. 150; Workmen's Compensation Law, § 13.) The defendant, therefore, owed to the plaintiff, while treating her in the hospital, the duty of furnishing proper, skillful and up-to-date treatment by persons qualified and competent to give such treatment. While receiving the treatment, the relations between the plaintiff and the defendant were not changed and she remained its employee. The treatment was a mere incident growing out of and a part of the relations of master and servant. Plaintiff understood, and had a right to understand, that she was being treated by a regularly licensed physician and surgeon. That was an assurance of safety to her. The fact that the employee furnishing the treatment was not a licensed physician or surgeon, and the unskillful manner in which he treated the plaintiff, put the defendant upon its defense. Was it careless in employing such a man to perform such work? Was it the act of a reasonably careful person to put this unlicensed man, with his lack of skill and without knowledge of surgery, in charge of the hospital and to put in his hands medicine and surgical instruments for use at his discretion? There is, therefore, some evidence tending to show that the defendant was negligent in putting the plaintiff under the treatment accorded her. I favor a reversal. Lyon, J., concurred.